UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROBERT M.,[1]

                                Plaintiff,                Case # 23-CV-1247-FPG

v.                                                      DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                Defendant.

## INTRODUCTION

Plaintiff Robert M. brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied his application for Supplemental Security Income ("SSI") under Title XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3). Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 6, 8. For the reasons that follow, the Commissioner's motion is GRANTED, Plaintiff's motion is DENIED, and the complaint is DISMISSED WITH PREJUDICE.

## BACKGROUND

In February 2020, Plaintiff applied for SSI with the Social Security Administration ("the SSA"). Tr.[2] 99. He alleged disability since October 2017 due to several physical and mental impairments. *Id.* In November 2022, Administrative Law Judge Timothy Belford ("the ALJ") issued a decision finding that Plaintiff is not disabled. Tr. 10-25. In October 2023, the Appeals

---

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF No. 5.

Council denied Plaintiff's request for review.  Tr. 1-3.  This action seeks review of the Commissioner's final decision.  ECF No. 1.

## LEGAL STANDARD

### I.      District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g).  The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence.  42 U.S.C. § 405(g).  "Substantial evidence means more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted).  It is not the Court's function to "determine *de novo* whether [the claimant] is disabled."  *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II.     Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act.  *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986).  At Step One, the ALJ must determine whether the claimant is engaged in substantial gainful work activity.  *See* 20 C.F.R. § 416.920(b).  If so, the claimant is not disabled.  If not, the ALJ proceeds to Step Two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant

restrictions on the claimant's ability to perform basic work activities. *Id.* § 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to Step Three.

At Step Three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, *id.* § 416.909, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 416.920(e)-(f).

The ALJ then proceeds to Step Four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. *Id.* § 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 416.960(c).

## DISCUSSION

### I.    The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits under the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February

2020, his application date.  Tr. 12.  At step two, the ALJ found that Plaintiff suffered from severe impairments of cervical and thoracic spine disorder, inflammatory arthritis, status post fractures of the hand and scapular, restless leg syndrome, and anxiety disorder.  *Id.*  At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any Listings impairment.  Tr. 13.

Next, the ALJ determined that Plaintiff had the RFC to perform a reduced range of light work.  Tr. 16.  At step four, the ALJ found that Plaintiff had no past relevant work.  Tr. 24.  At step five, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform.  Tr. 24-25.  The ALJ therefore found that Plaintiff was not disabled.  Tr. 25.

## II.    Analysis

Plaintiff argues that remand is warranted because (1) the ALJ erroneously evaluated the opinions of treating social worker Laurie LaPorta and treating nurse practitioner Stefania Fynn-Aikins; and (2) the ALJ erroneously constructed a "sit/stand option using only his own surmise."  ECF No. 6-1 at 1.  The Court concludes that none of these arguments justifies remand.

### a.  Medical Opinions

Plaintiff has a history of insomnia, anxiety, and panic attacks.  *See, e.g.*, Tr. 402.  Plaintiff received mental-health counseling from LaPorta, and she completed a mental residual functional capacity questionnaire on Plaintiff's behalf in May 2022.  LaPorta diagnosed Plaintiff with depression, anxiety, panic attacks, and social phobia.  Tr. 636.  She identified severe deficits in Plaintiff's abilities, including that he was unable to meet competitive standards or was wholly unable to function in all areas of unskilled work.  *See* Tr. 638.  LaPorta stated that Plaintiff would ordinarily come to sessions "dissociated" and had tremendous difficulty progressing in therapy.

Tr. 641-44.  LaPorta opined that it was "unknown" when Plaintiff would be able to "comfortably leave his home, interact with others, feel safe in the world, get a job and be able to consistently show up [to therapy]."  Tr. 644.

Fynn-Aikins treated Plaintiff for anxiety.  Tr. 734.  In May 2022, she completed a questionnaire.  *See* Tr. 708-12.  While not as severe as LaPorta's opinion, Fynn-Aikins did opine that Plaintiff was unable to meet competitive standards in several areas, including maintaining attention and regular attendance, performing at a consistent pace, and dealing with normal work stress.  Tr. 710.

The ALJ found neither LaPorta's nor Fynn-Aikins's opinion persuasive.  Tr. 23.  He found the opinions unsupported by objective medical findings and inconsistent with the other record evidence.  Tr. 23-24.  Nevertheless, the ALJ agreed that Plaintiff suffered from some functional deficits due to his mental impairments, and he limited Plaintiff to performing "simple, routine, repetitive tasks with no more than occasional workplace changes" and "no more than occasional interaction with coworkers, supervisors, and the public."  Tr. 16.

On several grounds, Plaintiff contends that the ALJ erroneously handled the evaluation of LaPorta's and Fynn-Aikins's opinions.  None of Plaintiff's arguments merits remand.

First, Plaintiff asserts that the ALJ violated 20 C.F.R. § 416.920c(b)(1) by analyzing the opinions of LaPorta and Fynn-Aikins together.  *See* ECF No. 6-1 at 15.  Assuming, without deciding, that the ALJ erred in this respect, it would amount to a mere procedural error.  Plaintiff has failed to articulate how that error substantively tainted the ALJ's rationale, and so the Court will not remand on that basis.  *Cf. Loucks v. Kijakazi*, No. 21-1749, 2022 WL 2189293, at *2 (2d Cir. June 17, 2022).

Second, Plaintiff contends that the ALJ failed to sufficiently discuss the supportability factor with respect to LaPorta's opinion. ECF No. 6-1 at 15-16. Under 20 C.F.R. § 416.920c(b)(2), the most important factors that an ALJ must consider in determining the persuasive value of a medical opinion are "supportability" and "consistency." The former pertains to the degree to which the medical source supports her opinion with "objective medical evidence and supporting explanations," while the latter pertains to the degree to which the opinion is consistent with "the evidence from other medical sources and nonmedical sources" in the record. 20 C.F.R. § 416.920c(c)(1), (2). An ALJ's failure to explain the supportability and consistency of a medical opinion in his decision constitutes a procedural error. *See id.* § 416.920c(b)(2); *Loucks*, 2022 WL 2189293, at *2. However, if a searching review of the record assures the court that "the substance of the regulation was not traversed," a court may affirm the Commissioner's decision despite the error. *Loucks*, 2022 WL 2189293, at *2. Thus, even if an ALJ fails to explicitly evaluate the consistency and supportability factors with respect to a particular medical opinion, remand is warranted only if the reviewing court is "unable to fathom the ALJ's rationale in relation to [the] evidence in the record." *Berry v. Schweiker*, 675 F.2d 464, 469 (2d Cir. 1982). By contrast, if the reviewing court can "adequately 'glean' how the ALJ [implicitly] weighed the consistency and supportability factors," remand is not justified because the procedural error is considered harmless. *Davidia B. v. Comm'r of Soc. Sec.*, No. 21-CV-384, 2023 WL 5361000, at *5 (W.D.N.Y. Aug. 22, 2023).

Here, the Court can adequately glean the ALJ's reason for concluding that LaPorta's opinion was not sufficiently supported: the ALJ expressly stated that LaPorta's opinion lacked the support of "objective medical findings." Tr. 23. To be sure, as Plaintiff points out, LaPorta did not provide such findings because, as a matter of practice, she does not copy her files "for any

request" and instead writes a summary of her personal notes. Tr. 569. Plaintiff asserts that this summary constitutes an adequate "supporting explanation" for LaPorta's opinion, *see* ECF No. 6-1 at 16, a position that the Court does not dispute. But supportability considers both the relevance of the "supporting explanations" *as well as* the relevance of the "objective medical evidence" proffered by a medical source. 20 C.F.R. § 416.920c(c)(1). Although the Court agrees that LaPorta's summary provides a robust "supporting explanation," absent from the record is an equally robust longitudinal record of Plaintiff's treatment with LaPorta that discloses the "objective medical evidence" on which her opinion is based.[3] *Id.* As a result, the ALJ could reasonably give less credence to LaPorta's opinion.

Third, Plaintiff argues that the ALJ mischaracterized Fynn-Aikins's treatment notes in order to find her opinion unsupported. ECF No. 6-1 at 18-19; *see also* Tr. 23-24. Having reviewed the relevant records, the Court concludes that Plaintiff's argument amounts to a mere disagreement with the inferences that should be drawn from those treatment notes, rather than a demonstration that the ALJ affirmatively mischaracterized those notes. *See* Tr. 734-55. Plaintiff met with Fynn-Aikins for treatment for his anxiety. Tr. 734. As the ALJ noted, several mental status examinations revealed relatively benign findings, including proper orientation to time and place, coherent thought processes, fair insight, intact memory, and appropriate affect. Tr. 24, 736, 746, 749, 754. While Plaintiff is correct that, at times, he presented with more significant symptoms, *see* ECF No. 6-1 at 18 , the ALJ reasonably attributed the increase to "acute stressors" that did not fairly reflect Plaintiff's ongoing mental state. Tr. 20; *see also* Tr. 738 (noting that holiday season is difficult for Plaintiff); Tr. 751 (noting increased symptoms due to upcoming court date). An ALJ does not

---

[3] Plaintiff points out that one treatment note from LaPorta, dated May 5, 2022, is in the record, *see* Tr. 633-34, and argues that the ALJ wrongfully "ignored" this document. ECF No. 6-1 at 17. This is incorrect, as the ALJ discusses this document explicitly in the decision, Tr. 14, and, regardless, the ALJ could reasonably conclude that one treatment note is not an adequate substitute for a supportive longitudinal record.

"mischaracterize" the evidence merely by selecting a less favorable inference to draw among several reasonable possibilities. Indeed, "[i]t is the ALJ's job to resolve conflicting record evidence," and this Court "must defer to that resolution." *Gogos v. Comm'r of Soc. Sec.*, No. 18-CV-1188, 2020 WL 128445, at *3 (W.D.N.Y. Jan. 10, 2020). Because the ALJ could reasonably conclude that Fynn-Aikins's treatment notes revealed generally "mild deficits," Tr. 24, he could reasonably give less weight to her opinion on the basis of the supportability factor. *See* 20 C.F.R. 416.920c(c)(1).

Fourth, Plaintiff asserts that the ALJ should not have relied so heavily on the findings or opinions derived from the consultative examinations. *See* ECF No. 6-1 at 19. This is not grounds for remand. *See Dustin R. v. Comm'r of Soc. Sec.*, No. 19-CV-1050, 2020 WL 7257855, at *6 (W.D.N.Y. Dec. 10, 2020) (collecting cases and observing that a consultative examiner's opinion may constitute substantial evidence).

Fifth and finally, Plaintiff argues that the ALJ erroneously failed to consider the consistency of LaPorta's and Fynn-Aikins's opinions *with each other*. ECF No. 6-1 at 20-21. But, as Plaintiff later concedes in his brief, the ALJ did acknowledge that consistency. *See id.*; Tr. 23. In substance, Plaintiff's criticism is that the ALJ failed to draw a more favorable inference, namely, that "the fact that two treating providers from two different offices provided similar limiting opinions favors finding them both persuasive under the consistency factor." ECF No. 6-1 at 21. But, for the reasons discussed above, the ALJ reasonably drew different factual inferences from the medical records, and he reasonably weighed the relevant factors in a different manner than Plaintiff would have preferred. That resulted in a decision finding both opinions less persuasive. *See* Tr. 23-24. Plaintiff cannot obtain remand simply by pointing out that "evidence in the record

could support his position." *Gonzalez-Cruz v. Comm'r of Soc. Sec.*, 294 F. Supp. 3d 164, 187 (W.D.N.Y. 2018).

In sum, Plaintiff has failed to identify an error warranting remand with respect to the ALJ's evaluation of LaPorta's and Fynn-Aikins's opinions.

### a. Sit/Stand Option

In connection with Plaintiff's physical RFC, the ALJ concluded that Plaintiff could perform light work so long as, *inter alia*, he had the opportunity to "alternate positions for 2-3 minutes every half hour." Tr. 16. Plaintiff alleges that the ALJ erroneously crafted this "highly specific" limitation "using only his own surmise" and failed to "explain how he arrived at this finding." ECF No. 6-1 at 22. The Court disagrees.

Specific limitations included in an RFC, like the RFC as a whole, "must be based on evidence in the record, not on an ALJ's own surmise." *Wouters v. Comm'r of Soc. Sec.*, No. 19-CV-610, 2020 WL 2213896, at *2 (W.D.N.Y. May 7, 2020). Thus, where an ALJ includes a highly specific durational limitation, he must have an evidentiary basis for the chosen duration. A medical opinion, a claimant's testimony, or information contained in the medical records can oftentimes be sufficient to support a given duration. Furthermore, an ALJ is not limited to adopting only those durational limitations explicitly identified in the record: he is free to partially credit, or otherwise make reasonable inferences from, the evidence to determine a claimant's functional capacities and limitations. *Heckman v. Comm'r of Soc. Sec.*, No. 18-CV-6032, 2019 WL 1492868, at *4 (W.D.N.Y. Apr. 4, 2019) ("[W]hen the record contains at least some evidence of a specific limitation, the ALJ may appropriately reach a specific RFC incorporating that limitation."); *see, e.g.*, *Johnson v. Colvin*, 669 F. App'x 44, 47 (2d Cir. 2016) (summary order) (evidence supported the ALJ's finding that claimant could perform light work at "no more than 10% slower than

average [pace]," notwithstanding that no evidence identified a "particular percentage range");
*Barone v. Comm'r of Soc. Sec.*, No. 19-CV-482, 2020 WL 3989350, at *5 (W.D.N.Y. July 15,
2020) (collecting cases); *cf. Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (summary order)
(noting that an ALJ's conclusions need not "perfectly correspond with any of the [medical]
opinions").  Unless "a reasonable factfinder would *have to conclude otherwise*," the district court
must defer to the ALJ's factfinding.  *Bonet v. Colvin*, 523 F. App'x 58, 59 (2d Cir. 2013) (summary
order).

Conversely, however, the Court's deferential review does not give an ALJ the license to
arbitrarily craft functional limitations, *Mariani v. Colvin*, 567 F. App'x 8, 10 (2d Cir. 2014)
(summary order) (where some evidence showed "total loss of function" to claimant's hand and
other evidence showed no loss, the ALJ could not split the difference and conclude that claimant
had "fifty percent capacity"), translate raw medical data into functional terms, *McKee v. Comm'r
of Soc. Sec.*, No. 18-CV-1013, 2020 WL 1283884, at *4 (W.D.N.Y. May 18, 2020), or
unreasonably draw highly specific inferences from the nonspecific evidence.  *See, e.g., Cosnyka
v. Colvin*, 576 F. App'x 43, 46 (2d Cir. 2014) (summary order) (ALJ erroneously inferred from
examiner's report—which stated that claimant would require "regular comfort breaks"—that
claimant would need to "take a six-minute break every hour").  Moreover, an ALJ's reasoning
must always be "sufficiently discernible as to allow a reviewing court to ensure that the ALJ
employed the proper standards and rendered a decision supported by substantial evidence." *Moss
v. Comm'r of Soc. Sec.*, No. 18-CV-365, 2020 WL 896561, at *3 (W.D.N.Y. Feb. 25, 2020).

The Court cannot conclude that the ALJ trespassed these boundaries.  Plaintiff alleges a
longstanding history of back pain.  *See* Tr. 528.  Despite this, the ALJ noted a conservative
treatment regimen and generally normal examination findings.  Tr. 17-18.  None of the relevant

medical opinions found Plaintiff significantly limited: the initial state-agency consultant opined that Plaintiff could perform a reduced range of medium work, Tr. 108-110; the reconsideration-level state-agency consultant opined that Plaintiff could perform a reduced range of light work, Tr. 129-31; one consultative examiner concluded that Plaintiff had only moderate limitations for "prolonged" sitting and standing, lifting, carrying, pushing, and pulling, Tr. 531; and a second consultative examiner opined that Plaintiff was only moderately restricted in bending, lifting, and carrying heavy objects, Tr. 550.

With respect to the sit/stand option, there was some evidence in the record that Plaintiff's back pain was relieved by changing position, though he described this need in severe terms. *See* Tr. 39-40 (alleging, at the hearing, that he could only stand for "three, four minutes" before needing to take a break, and could only sit for "30 minutes"); Tr. 528 (stating that his back pain is aggravated when he "[m]aintain[s] one position too long" and sits "more than 20 minutes"). Consultative examiner Nikita Dave, M.D., provides some support for a sit/stand option insofar as he opines broadly that Plaintiff "may benefit from rest intervals to change positions as needed." Tr. 531.

To account for this evidence, the ALJ included the sit/stand option at issue. But, as the hearing transcript makes clear, what the ALJ intended to capture was that Plaintiff's back pain would lead him to be off-task for approximately 10% of each thirty-minute period, during which time he may need to take a break or briefly change positions. *See* Tr. 53-54. There is nothing inherently problematic about the ALJ's decision to assign a specific range to convey that Plaintiff would have a marginally greater need for breaks as compared to an average employee. *Accord Johnson*, 669 F. App'x at 47. And, contrary to Plaintiff's argument, there were sufficient "data points" to support that finding, including Dr. Dave's limitation, the other nonrestrictive medical

opinions, and the fairly benign medical records cited by the ALJ.  *Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. 2022).  As a result, the fact that Plaintiff can identify evidence supporting a greater sit/stand option is not a basis for remand.  *See* ECF No. 6-1 at 24; *see also Piotrowski v. Comm'r of Soc. Sec.*, No. 18-CV-6075, 2019 WL 2266797, at *6 (W.D.N.Y. May 28, 2019) (stating that a claimant cannot obtain remand merely by citing "evidence that arguably supports more restrictive limitation" but rather must "articulate how the ALJ's [contrary] finding ... was erroneous").

## CONCLUSION

For all of the reasons stated, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 8) is GRANTED, and Plaintiff's Motion for Judgment on the Pleadings (ECF No. 6) is DENIED.  The complaint is DISMISSED WITH PREJUDICE, and the Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: March 27, 2025
        Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York

12